UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

——————

No. 6:20-cv-00573

——————

**Crossroads Steel Supply, LLC,**
*Plaintiff,*
v.
**R.H.W. Metals, Inc.,**
*Defendant.*

——————

**ORDER**

Plaintiff Crossroads Steel Supply, LLC, filed this lawsuit against defendant R.H.W. Metals, Inc., complaining of unpaid invoices. Doc. 1. Plaintiff alleged that it is a citizen of Indiana and that defendant is a citizen of Texas. *Id*. at 2 ¶ 3.

Federal courts are of limited jurisdiction. They have a duty to address jurisdiction even when it is not contested. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction lies with the party seeking a federal forum. *Id.* at 919. Here, plaintiff seeks to maintain this case in federal court, so plaintiff has the burden of proving any requisite factual basis for federal jurisdiction.

Plaintiff's complaint invokes federal jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, alleging that "Plaintiff is organized under the laws of the State of Indiana and has its principal place of business in Valparaiso, Indiana." Doc. 1 at 2 ¶ 3. However, plaintiff identifies itself as a limited-liability company. A limited-liability company is not the same as a corporation; different rules govern its citizenship. *Harvey v. Grey Wolf Drilling, LLC*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Namely, a limited-liability company's citizenship is determined by the citizenship of its members, not its principal place of business. *Id.* at 1080.

Accordingly, plaintiff is **ordered to show cause by November 18, 2020,** why this case should not be dismissed for

lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1332(a). The complaint should be supplemented with allegations about the citizenship of each of its members. *See id.* It is not enough to allege in the negative that all of a LLC's members are *not* citizens of Texas. Rather, such a plaintiff must affirmatively allege the identity of each member of the LLC and the member's place of citizenship (or the member's places of citizenship, if any member is a juridical entity with multiple citizenships for diversity purposes). *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-27 (1st Cir. 2011) (citing *Cameron v. Hodges*, 127 U.S. 322, 324 (1888)). The absence of jurisdictional discovery does not diminish the specificity required here.

   *So ordered by the court on November 4, 2020.*

      _____

      J. CAMPBELL BARKER
      United States District Judge